IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CFE INTERNATIONAL LLC, | § § | |
| Applicant, | § § | |
| v. | § § | 1:23-CV-56-DII |
| ANTAEUS GROUP LLC, | § § | |
| Respondent. | § § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Respondent Antaeus Group LLC's Motion to Quash, (Dkt. 31). (R. & R., Dkt. 48). Applicant CFE International LLC ("CFEi") timely filed objections to the report and recommendation. (Objs., Dkt. 50). Having reviewed the record, the parties' briefing, and the relevant law, the Court will adopt the report and recommendation in part and grant the motion to quash.

## I.  BACKGROUND

The Court adopts the following background from the report and recommendation. (Dkt. 39).[1] CFEi first initiated proceedings by filing ex parte applications pursuant to 28 U.S.C. § 1782 seeking discovery from Antaeus and Arbor Glen in aid of the Mexican Investigation. *In re Ex Parte Application of CFE Int'l LLC v. Antaeus Grp. LLC*, No. 1:22-cv-00365-DII-ML (W.D. Tex.) ("*Antaeus I*") (Dkt. 1); *In re Ex Parte Application of CFE Int'l LLC v. Arbor Glen Consulting, LLC*, No. 1:22-cv-00429-DII-ML (W.D. Tex.) ("*Arbor Glen I*") (Dkt. 1). The Court initially granted the Applications. *Antaeus I* (Dkt. 20); *Arbor Glen I*, (Dkt. 12). After full briefing on Respondents' motions to quash, the parties appeared for oral argument on August 17, 2022, and the magistrate judge issued a Report and

---

[1] As the issues are identical, the Court will issue mirror orders in both *Arbor Glen II* and *Antaeus II*.

1

Recommendation on August 26, 2022, concluding the subpoenas should be quashed. *See generally CFE Int'l*, 2022 WL 17731821. United States District Judge Yeakel subsequently entered an Order for the District Court on December 6, 2023, adopting the Report and Recommendation in large part and "agree[ing] . . . that consideration of the non-exhaustive *Intel* factors and the circumstances at issue support[ed] quashing the subpoenas at issue." *CFE Int'l*, 2022 WL 19569581 at *3. CFEi did not move to alter or amend the District Court's Order, or otherwise move for reconsideration. *See* Fed. R. Civ. P. 59(e); *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 472 (5th Cir. 2022). Nor did CFEi appeal. Fed. R. App. P. 4(a). The time to take either action has passed.

On January 18, 2023, CFEi filed another set of applications pursuant to 28 U.S.C. § 1782, again seeking discovery from Antaeus and Arbor Glen in aid of the same Mexican Investigation. *Antaeus II*, (Dkt. 1); *Arbor Glen II*, (Dkt. 1). The court granted the Applications on January 27, 2023 (*Arbor Glen II*) and February 9, 2023 (*Antaeus II*). *Antaeus II*, (Dkt. 27); *Arbor Glen II*, (Dkt. 18). The Applications seek substantially similar testimonial and documentary discovery as the initial applications, although CFEi claims to have narrowed its requests and proposed a more robust protective order. In support of its renewed applications, CFEi also offered what it alleges to be certain "new" facts and circumstances that have developed since *Antaeus I* and *Arbor Glen I*, including: (1) a letter dated December 14, 2022 from the prosecutor in charge of the Mexican investigation—written at CFEi's request—stating that "her office has 'decided to pursue criminal action against' Gutiérrez and Valdez Garcia,[2] because 'the investigative file' established that an 'act has been committed stipulated in law as a crime,'" and that her office would be willing to review documents resulting from the § 1782 discovery (the "FGR Letter"); (2) a draft Antaeus investor

---

[2] Javier Gutièrrez Becerril ("Gutiérrez") is a former executive of CFE (Comisión Federal de Electricidad, Mexico's state-owned electric utility, of which CFEi is the wholly owned subsidiary and trading arm) and former Chief Operating Officer of CFEi. José Guadalupe Valdez García ("Valdez García") is another former CFE employee.

2

presentation from April 2013 that refers to Gutiérrez as a "principal"; and (3) the substantive completion of the arbitration between CFEi and WhiteWater Midstream, LLC ("WhiteWater").

On March 13, 2023, Respondent moved to quash the Subpoenas on res judicata grounds based on the preclusive effect of the District Court's prior judgment or, in the alternative, for CFEI's failure to satisfy the statutory and/or discretionary requirements for § 1782 discovery. *Antaeus II*, (Dkt. 31); *Arbor Glen II*, (Dkt. 26). After full briefing, *Antaeus II*, (Dkt. 34-35); *Arbor Glen II*, (Dkt. 29-30), the parties appeared for oral argument on August 1, 2023.

On September 5, 2023, the magistrate judge issued his report and recommendation. (Dkt. 39). The magistrate judge first held that the requests for a subpoena are barred by res judicata and collateral estoppel. (*Id.* at 6–9). He then held that CFEi failed to meet the statutory requirements under § 1782, and that the discretionary *Intel* factors weighed in favor of quashing the subpoena. (*Id.* at 9–14). The magistrate judge recommended granting the motions to quash and vacating the prior orders granting CFEi's applications. (*Id.* at 14). CFEi timely filed objections to the report and recommendation. *Arbor Glen II*, (Objs., Dkt. 41); *Antaeus II*, (Dkt. 50).

## II. LEGAL STANDARD

### A. Report and Recommendation

A party that files timely written objections to a magistrate judge's report and recommendation on a dispositive matter is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b). If the matter is non-dispositive, district courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling. 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford*

3

*Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### B. Section 1782(a) Discovery

28 U.S.C. § 1782(a) authorizes U.S. courts to order discovery in aid of foreign proceedings only where an applicant shows that the requested materials are "for use in a proceeding before a foreign or international tribunal." *In re Request for Jud. Assistance from the Consumer Ct. of Istanbul in Istanbul, Turkey*, No. 1:21-mc-476-RP, 2021 WL 6750936, at *1 (W.D. Tex. June 11, 2021) (quoting *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012)). This threshold showing merely "authorizes, but does not require" the court to permit discovery; in other words, the decision is wholly discretionary. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-66 (2004). In *Intel*, the Supreme Court identified four non-exhaustive factors to guide courts' exercise of that discretion: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature and character of the foreign proceeding and the receptivity of the foreign government, court, or agency to federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requests are unduly intrusive or burdensome. *See id.* at 264-65.

### III. ANALYSIS

### A. Which Standard to Apply

The Court will first address which standard of review it should use for the magistrate judge's report and recommendation. Ordinarily, courts treat motions to quash as non-dispositive, and review objections to a corresponding magistrate judge's order under a clear error standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the

4

decision."). Discovery requests typically do not dispose of a case because they are collateral to a related action. *See In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020). Indeed, applications for a subpoena under § 1782(a) by definition relate to foreign and international tribunals. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004) ("[T]he proceeding for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be pending or imminent.") (cleaned up).

Accordingly, most courts have treated § 1782 enforcement as non-dispositive and reviewed a magistrate judge's holding on a § 1782 application for clear error. *Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 142 n.1 (2d Cir. 2020); *In re Plowiecki*, No. CV 21-23 (JRT/BRT), 2021 WL 4973762, at *3 (D. Minn. Oct. 26, 2021) ("Most lower courts have held that magistrate judges have authority to quash a § 1782 subpoena, that such decisions are non-dispositive, and have reviewed orders from magistrate judges for clear error."). In a related action involving a CFEi application under § 1782, the U.S. District Court for the District of Massachusetts held in a text order that the motion to quash should have been treated as non-dispositive. *CFE International LLC v. Denham Capital Management LP*, No. 1:22-mc-91355-FDS (D. Mass. filed July 18, 2022) (Order, Dkt. 79) ("[T]he Court concludes that the Magistrate Judge's ruling on a request under § 1782 is non-dispositive, and therefore should be reviewed under the "clearly erroneous or contrary to law" standard[.]").

Some courts, however, have treated § 1782 applications as dispositive. *See CPC Patent Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022); *Khrapunov v. Prosyankin*, 931 F.3d 922, 929–33 (9th Cir. 2019) (Callahan, J., concurring in part). The Ninth Circuit reasoned that a § 1782 is a "final, appealable proceeding" that ends the inquiry in federal court. *CPC Patent*, 34 F.4th at 808. Therefore, because it "disposes of the ultimate relief sought," it would be better treated as dispositive. *Id.* The Fifth Circuit appears not to have addressed the question, although it has noted that § 1782

proceedings are "ancillary to proceedings in foreign or international tribunals." *Repub. of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir. 2013).

Without Fifth Circuit precedent on the matter, this Court will adopt the majority approach and treat the magistrate judge's holding as dispositive. *See In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62, 71 (S.D.N.Y. 2019) (describing non-dispositive as the "majority" approach and collecting cases).[3] A § 1782 application is predicated on the existence of an underlying proceeding—actual or contemplated. 28 U.S.C. § 1782(a). Enforcement of a § 1782 subpoena may influence the foreign proceeding, but it does not directly "dispose" of any matter or claim in that underlying case.[4] *See Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a)*, 735 F.3d 1179, 1182 (10th Cir. 2013) ("[I]in a § 1782 proceeding, there is nothing to be done 'on the merits.'"). The Court therefore finds it less akin to the dispositive matters under § 636(b)(1)(A) and more akin to a non-dispositive discovery request.[5] *In re Plowiecki*, 2021 WL 4973762, at *5 (holding same); *Denham Capital Management LP*, No. 1:22-mc-91355-FDS, (Order, Dkt. 79) (same). Regardless of the ruling on this motion to quash, this Court's ruling will not dispose of the underlying criminal investigation in

---

[3] Section 636(b)(1)(A) provides a list of matters that may only be submitted to a magistrate judge for a report and recommendation receiving de no review. 28 U.S.C. § 636(b)(1)(A). Although the statute's list appears to be "exhaustive," courts have held that certain functions, including jury selection and motions to remand, should be treated as dispositive. *Khrapunov*, 931 F.3d at 931; *Gomez v. United States*, 490 U.S. 858, 873–75 (1989); *see also Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) ("Motions thought 'dispositive' of the action warrant particularized objection procedures and a higher standard of review because of the possible constitutional objections that only an article III judge may ultimately determine the litigation.") (quoting Charles Alan Wright et al. Federal Practice and Procedure § 3068.2 (3d ed. 2014)).

[4] While motions to remand and transfer are treated as dispositive, those motions determine the forum in which a case may be brought and dispose of the action *in that forum*. *See Davidson*, 819 F.3d at 763 (holding motions to remand to be dispositive); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 699 (9th Cir. 2022) (holding transfer motion was dispositive). An application under § 1782, by contrast, do not disturb the forum of the underlying action.

[5] There is another, more practical justification for treating § 1782 proceedings as dispositive. Section 1782 subpoenas are a discovery request, and "[m]atters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). These disputes almost invariably require a hearing, which are particularly suited for referral to magistrate judges.

Mexico. Accordingly, the Court considers the motion to quash non-dispositive and will review the magistrate judge's order for clear error.

### B. Review of the Merits

The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez*, No., 2017 WL 5201797, at *2 (quoting *United States Gypsum Co.*, 333 U.S. at 395). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

Having reviewed the magistrate judge's opinion, the Court finds no clear error. CFEi strongly objects to the application of res judicata to § 1782 subpoenas and argues that no other court has ever barred § 1782 through claim preclusion. However, the Court need not reach the question of claim or issue preclusion because there is no clear error in the magistrate's application of the statutory or discretionary factors under § 1782.[6] It therefore affirms the magistrate judge's report and recommendation as to the statutory and discretionary factors.

---

[6] Even under a de novo standard of review, having reviewed CFEi's objections and responsive briefing, the Court would affirm the finding as to the statutory and discretionary factors.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the report and recommendation, (Dkt. 48), is **ADOPTED** as to the statutory and discretionary factors. Antaeus's motion to quash, (Dkt. 31), is **GRANTED**.

As nothing remains to resolve, **IT IS FURTHER ORDERED** that this case is **CLOSED**.

**IT IS FINALLY ORDERED** that each party bear their own costs.

**SIGNED** on November 1, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE